**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARRY NORTHCROSS PATTERSON, | No. 12-17842 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02364-PGR |
| v. | |
| NURSE GRANT; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, District Judge, Presiding

Submitted May 13, 2014[**]

Before:     CLIFTON, BEA, and WATFORD, Circuit Judges.

Arizona state prisoner Barry Northcross Patterson appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging various

constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly granted summary judgment on Patterson's deliberate indifference claim against Grant because Patterson failed to raise a genuine dispute of material fact as to whether Grant consciously disregarded an excessive risk to Patterson's health in treating Patterson following an incident where he was placed in restraints. *See Toguchi*, 391 F.3d at 1058 (prison officials are deliberately indifferent only if they know of and disregard an excessive risk of serious harm to inmate health).

The district court properly dismissed Patterson's claims against the other defendants because Patterson "fail[ed] to state a claim upon which relief [could] be granted." 28 U.S.C. § 1915A(b)(1); *see also Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) ("[D]ismissal for failure to state a claim is 'proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.' " (citation omitted)).

**AFFIRMED.**

12-17842